# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6472 | **DATE** | 8/11/2010 |
| **CASE TITLE** | Juanita Crear-Price vs. University of Illinois | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, defendant University of Illinois' "Motion for Summary Judgment to Dismiss Plaintiff's Amended Complaint" [24] is granted and judgment is entered in favor of the defendant on all counts.

*James F. Holderman* (signature)

■[ For further details see text below.]

Notices mailed.

## STATEMENT

     Plaintiff Juanita Crear-Price ("Crear-Price") brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA") against her former employer, the University of Illinois (the "University"). Currently before the court is the University's "Motion for Summary Judgment to Dismiss Plaintiff's Amended Complaint." (Dkt. No. 24.) For the reasons set forth below, the University's motion is granted.

     The following facts are undisputed by the parties. The University terminated Crear-Price's employment on October 28, 2008. (Dkt. No. 26 ("Def.'s Local R. 56.1(a)(3) Stmt.") ¶ 5.) On May 13, 2009, Crear-Price filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 6.) On July 10, 2009, the EEOC issued a right-to-sue letter for Crear-Price. (*Id.* ¶ 8.) The right-to-sue letter was delivered to Crear-Price's address via certified mail on July 13, 2009. (*Id.* ¶¶ 7, 9, 12.) Crear-Price filed the pending lawsuit on October 14, 2009. (*Id.* ¶ 13.)

     A grant of summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant must show there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party must present more than a scintilla of evidence, such that a jury could reasonably find in its favor. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The court does not make determinations of credibility or weigh conflicting evidence. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005).

Under the ADEA, a plaintiff must file his or her lawsuit within ninety days of receiving an EEOC right-to-sue letter. 29 U.S.C. § 626(e). As Crear-Price correctly notes, the date of receipt by the plaintiff marks the beginning of the ninety-day period as opposed to the date on which the right-to-sue letter was sent. *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2001). The Seventh Circuit has applied this "actual notice" rule to cases brought under both the ADEA and Title VII, without distinguishing between the two relevant statutes of limitation. *See Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). Absent special circumstances, filing even one day late is grounds for dismissal of an employment discrimination claim. *Anooya v. Hilton Hotels, Corp.*, 733 F.2d 48, 49 (7th Cir. 1984) (dismissing Title VII claim filed 91 days after the plaintiff received his right-to-sue letter); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). The University bears the burden of proving that Crear-Price's lawsuit is untimely. *Prince*, 580 F.3d at 574.

Crear-Price does not dispute that the EEOC right-to-sue letter was delivered to her address on July 13, 2009. Measured from this date, Crear-Price's complaint was due October 13, 2009, in part because October 12, 2009 was a legal holiday. *See* Fed. R. Civ. P. 6(a)(1). It is also undisputed that Crear-Price filed her lawsuit on October 14, 2009. Crear-Price argues that the ninety-day period should not be measured from the date of delivery, however, because it is unknown who signed for the letter when it was delivered to her home. (Dkt. No. 29 ("Pl.'s Resp.") at 3, ¶ K(1) (citing no evidence in support of this assertion).) Relying on the fact that the University's evidence doe not specifically identify the date Crear-Price herself received the letter, Crear-Price asks the court to assume that she did not actually receive the letter until no less than two days after it was delivered to her home address.

Crear-Price relies on a presumption of receipt that does not arise in this case. First, the presumption of receipt is measured from the date on the EEOC letter (July 10, 2009), not the date of delivery. *See Bondy v. Humana, Inc.*, Civ. A. No. 95-456, 1996 WL 294245, at *3 (D.D.C. May, 29 1996). But more important, and fatal to Crear-Price's case, the presumption is not employed unless a plaintiff first sets forth evidence that she "cannot recall the actual date of receipt," or that she received the letter on a date other than the date established by the defendant's evidence. *Stambaugh v. Kan. Dep't of Corr.*, 844 F. Supp. 1431, 1434 (D. Kan. 1994).

In this case, Crear-Price has not presented any evidence as to the date of her receipt, and the court can only speculate that she did not receive the right-to-sue letter until sometime after it was delivered to her home. Crear-Price argues that "neither party knows when the letter was received by the Plaintiff" (Pl.'s Resp. at 1), but she does not support this assertion with any specific evidence, such as her sworn affidavit. Speculation is insufficient to create a genuine issue of material fact. *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) ("our favor toward the nonmoving party does not extend to drawing '[i]nferences that are supported by only speculation or conjecture'") (citation omitted). The undisputed facts are that the right-to-sue letter was delivered to Crear-Price's address and signed for on July 13, 2009. Without additional evidence supporting Crear-Price's argument, no reasonable jury could find that Crear-Price received the EEOC right-to-sue letter on any day other than July 13, 2009. The University is therefore entitled to judgment as a matter of law because Crear-Price's lawsuit was filed outside the ninety-day period of limitations, and the University's motion for summary judgment is granted.

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|